IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DANIEL FUNKE, | § | CV NO. 5:14-cv-307-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| DEUTSCHE BANK NATIONAL | § | |
| TRUST COMPANYAS INDENTURE | § | |
| TRUSTEE OF THE AAMES | § | |
| MORTGAGE INVESTMENT TRUST | § | |
| 2005-1, and JOHN CRAIG, | § | |
| | § | |
| Defendants. | § | |
| _____ | § | |

ORDER: (1) DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND
ORIGINAL PETITION; (2) GRANTING DEFENDANT JOHN CRAIG'S
<u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>

        Before the Court is a Motion for Judgment on the Pleadings filed by

Defendant John Craig ("Craig") (Dkt. # 22) and a Motion for Leave to Amend

Original Petition filed by Plaintiff Daniel Funke ("Funke") (Dkt. # 25).  On

October 16, 2014, the Court held a hearing on the motions.  At the hearing, Ross S.

Elliott, Esq., appeared on behalf of Funke; Philip W. Danaher, Esq., appeared on

behalf of Craig; and Amy SeeAi Ooi, Esq., appeared on behalf of Defendant

Deutsche Bank National Trust Company, as Indenture Trustee of the AAMES

Mortgage Investment Trust 2005-1 ("Deutsche Bank" or the "Bank").  For the

reasons that follow, the Court **DENIES** Funke's Motion for Leave to Amend

Original Petition (Dkt. # 25) and **GRANTS** Craig's Motion for Judgment on the

Pleadings (Dkt. # 22), thereby **DISMISSING** the claims against Craig.

BACKGROUND

In December 2004, Funke executed a Texas Home Equity Adjustable

Rate Note (the "Note") for a home at 110 Oak Bluff Boulevard in Boerne, Texas

(the "Property"), secured with a Texas Home Equity Security Instrument with

Deutsche Bank's predecessors in interest.  ("Pet.," Dkt. # 1, Ex. 1 at 7.)  At the

same time, Funke also executed a deed of trust for the property.  (Id.)

In 2008, Funke went into default on his mortgage payments.  (Id.)

Toward the end of that year, Deutsche Bank accelerated the Note and filed an

application for a home equity foreclosure order.  (Id.)  In January 2009, the

Kendall County Court granted a default judgment against Funke (the "2009

Judgment"), authorizing Deutsche Bank to sell the Property at a foreclosure sale.

(Id.)  In February 2009, the judgment was recorded.  (Id.)  However, Deutsche

Bank did not conduct a foreclosure sale.  (Id.)

On September 12, 2013, Deutsche Bank filed a second application for

a home equity foreclosure order, resulting in a second default judgment against

Funke.  (Id. at 9.)  On October 3, 2013, Deutsche Bank appointed Craig as a

substitute trustee.  (Dkt. # 12, Ex. B.)  Craig then recorded a notice of foreclosure

sale with the Kendall County Courthouse and filed a copy of the notice with the Kendall County Clerk.  (Id., Ex. C.)  On January 7, 2014, Deutsche Bank sold the Property to itself at a foreclosure sale conducted by Craig.  (Pet. at 9.)  Deutsche Bank subsequently initiated a Forcible Entry and Detainer claim against Funke. (Id.)

On March 17, 2014, Funke filed suit against Defendants in the 216th District Court, Kendall County, Texas, asserting causes of action of trespass to try title, quiet title, and fraudulent lien.  (Id. at 10–11.)  Deutsche Bank removed the case to this Court on April 4, 2014, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (Dkt. # 1.)  Craig filed the instant Motion for Judgment on the Pleadings on July 21, 2014, arguing that all claims against him must be dismissed because the pleadings fail to support a claim.  (Dkt. # 22 at 1–2.)

Shortly thereafter, Funke filed a Motion for Leave to Amend Original Petition on August 1, 2014, seeking to clarify his allegations against Craig.  (Dkt. # 25 at 1.)  On the same day, Funke also filed a timely Response to Craig's July 21 Motion.  (Dkt. # 26.)  On August 18, 2014, Deutsche Bank filed a Response to Funke's August 1 Motion, and Funke filed a Reply on September 2, 2014.  (Dkts. ## 34, 36.)

3

## LEGAL STANDARD

### I.   Amending the Complaint

Under Federal Rule of Civil Procedure 15, a party has 21 days to amend a pleading as a matter of course.  Fed. R. Civ. P. 15(a).  To amend a pleading after that period, a party must obtain the opposing party's consent or the court's permission.  Id.

Generally, courts permit a plaintiff at least one opportunity to amend his complaint within the time permitted by the scheduling order, unless the amended complaint would be futile.  Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict Courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 872–73 (5th Cir. 2000).  An amendment is futile when it "would fail to state a claim upon which relief could be granted," as determined under the 12(b)(6) standard.  Stripling, 234 F.3d at 873.

### II.   Motion for Judgment on the Pleadings

Under Federal Rule of Civil Procedure 12(c), a party can move for judgment on the pleadings after the pleadings are closed, so long as the motion

does not delay trial.  Fed. R. Civ. P. 12(c).  A motion for judgment on the pleadings is subject to the same standards as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  In re Great Lakes Dredge & Dock Co. LLC, 624 F.3d 201, 209–10 (5th Cir. 2010).  Accordingly, "[j]udgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain."  United States v. 0.073 Acres of Land, More or Less, Situate in Parishes of Orleans and Jefferson, La., 705 F.3d 540, 543 (5th Cir. 2013) (internal quotation marks omitted) (quoting Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co., 313 F.3d 899, 904 (5th Cir. 2002)).

To avoid a judgment under 12(c), "'a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. at 210 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."  0.073 Acres of Land, More or Less, Situate in Parishes of Orleans and Jefferson, La., 705 F.3d at 543 (internal quotations omitted) (quoting Brittan Commc'ns Int'l Corp., 313 F.3d at 904).

5

DISCUSSION

## I.      Motion for Leave to Amend Original Petition

In his Motion for Leave to Amend Original Petition, Funke argues that he should be permitted to amend his petition, so as to clarify his claims against Craig as an individual, rather than a substitute trustee, under the Texas Civil Practice & Remedies Code § 12.002.  (Dkt. # 25 at 1–2.)  Funke argues that because the amended petition "articulates specific facts and connects those facts to the § 12.002 cause of action to describe Craig's liability," the proposed amendments are not futile.  (Id. at 3–4.)

Deutsche Bank counters that Funke's Motion should be denied because (1) he did not amend his pleading within 21 days of Deutsche Bank's response; (2) the proposed amendments are futile; and (3) the proposed amendments would cause Deutsche Bank unjust prejudice.  (Dkt. # 34 at 2–5.)

### A.      Timing of Pleading

Deutsche Bank first contends that Funke's Motion should be denied because the amendment is not permitted as a matter of course under Federal Rule of Civil Procedure 15, since the Motion was filed outside of Rule 15's 21-day period.  (Dkt. # 34 at 2–3.)  Deutsche Bank is correct that Rule 15 only permits amendments as a matter of course within the 21-day period.  However, the Rule also permits a party to amend a pleading once the 21-day response period has

passed, so long as that party obtains either the opposing party's consent or the court's permission.  Fed. R. Civ. P. 15(a)(2).  Since Deutsche Bank has not consented to the amendment, Rule 15 requires that Funke request leave to amend. Funke's Motion requests such leave, and therefore his motion is properly considered under Rule 15(a)(2).

> B.    Futility of Amendments

Next, Deutsche Bank argues that Funke's proposed amendments are futile because they fail to plead sufficient facts to establish a § 12.002 claim.  (Dkt. # 34 at 3.)  To make out a claim under § 12.002, a plaintiff must show that the defendant "(1) made, presented, or used a document with knowledge that it was a fraudulent lie or claim against real or personal property or an interest in real or personal property, (2) intended that the document be given legal effect, and (3) intended to cause the plaintiff physical injury, financial injury, or mental anguish."  Gonzalez v. Bank of Am., N.A., --- F. App'x ----, 2014 WL 2937028, at *2 (5th Cir. July 1, 2014) (internal quotation marks omitted).

> 1.    Knowledge that the Notice of Foreclosure Sale and Foreclosure
>      Deed were Void

In support of its futility claim, Deutsche Bank first argues that any allegations related to Craig's knowledge about the allegedly void Note in the proposed amendments are speculative conclusions.  (Dkt. # 34 at 3.)  Accordingly, the Bank contends that Funke has failed to plead sufficient facts to make out the

first element of his § 12.002 claim against Craig, thereby rendering the amendment futile.  (Id.)

As Deutsche Bank reminds, this Court has previously determined that Funke had not pled sufficient facts to show that Craig met the knowledge requirements set forth in § 12.002.  (Dkt. # 24 at 16.)  That conclusion was based on the facts alleged in Funke's original petition.  (Id.)  In the original petition, Funke's only factual basis for showing Craig's liability on the first element was his conclusory allegation that Craig had "actual or constructive knowledge that the note was void."  (Pet. at 11.)  This Court found that the statement was a mere "formulaic recitation of the § 12.002(a) elements" and was therefore insufficient to maintain a claim against Craig.  (Id. at 12 (internal quotation marks and brackets omitted).)

However, Funke argues that his proposed amendments cure this defect.  In support of his position, he points to his new allegations that, while filing that notice and executing the foreclosure deed, Craig visited the Kendall County Clerk and accessed the deed records for the Property, which included the 2009 Judgment authorizing Deutsche Bank's foreclosure.  (Id. at 5.)  Funke argues that these facts are sufficient for the Court to infer that Craig had knowledge that the notice was fraudulent.  (Id.)  Accordingly, Funke contends that the Court should disregard its previous ruling on this issue because that holding was based on the

facts alleged in the original petition and "the purpose of Funke's amended petition is to move beyond those arguments in response to this Court's order." (Dkt. # 36 at 3.)

The Court does not agree that Funke's proposed amendments move far enough beyond the bare allegations contained in the original petition to meet the pleading requirements. Rather, the Court finds Funke's allegations similar to the allegations set forth in L'Amoreaux v. Wells Fargo Bank, N.A., 755 F.3d 748 (5th Cir. 2014), which the Fifth Circuit found were insufficient to state a claim under § 12.002. Id. at 750.

In L'Amoreaux, the plaintiffs alleged a claim under § 12.002 against an individual who drafted, filed, and mailed documents incident to foreclosure proceedings, including a notice of acceleration and notice of trustee sale. Id. at 750. The plaintiffs argued that the individual violated § 12.002 because he failed to investigate whether the bank actually had an interest in the property—which it did not—when he executed the documents. Id. The Court found that this allegation was insufficient to satisfy the requirements of § 12.002: "At most, the [plaintiffs] allege that [the individual] failed to conduct an adequate investigation of the public records prior to sending these notices (assuming that the assignments must be reflected in the public records). This likely amounts to no more than negligence on the part of [the individual], hardly satisfying the standards of

§ 12.002." Id. at 751.

Funke's claims are very similar: he argues that Craig's continuing action after visiting the Kendall County Courthouse, where the 2009 Judgment was recorded, establishes that he presented the notice and foreclosure deed knowing that they were fraudulent.  At best, this is an allegation that Craig failed to adequately investigate the chain of title before presenting the notice and foreclosure deed, which the Fifth Circuit has held is insufficient to meet § 12.002's requirements.

Funke relies on Rodriguez v. Ocwen Loan Servicing LLC, No. C-07-471, 2008 WL 65405, at *4 (S.D. Tex. Jan. 4, 2008), to argue that the knowledge requirement is fulfilled, since Craig violated his duty of fairness in conducting the foreclosure sale when the property was not in default.  In Rodriguez, the plaintiffs alleged that the substitute trustee submitted an affidavit which falsely concluded that a prior foreclosure sale was void, relying on an incorrect date on which plaintiffs had allegedly filed for bankruptcy.  Id. at *1.  The court found that these allegations were sufficient to show that Rodriguez breached his duty of fairness to the parties and to state a claim of liability against the substitute trustee.  Id. at *4.

Rodriguez may have been relevant to Funke's case if Funke could present any evidence of Craig's affirmative knowledge, like the substitute trustee's false affidavit in Rodriguez.  However, Funke can point to no such evidence.  The

only facts that Funke alleges are that Craig visited the courthouse—where the 2009 Judgment was recorded—to file the notice and execute the foreclosure deed.  This is not affirmative conduct illustrating a breach of the trustee's duty of fairness that is sufficient to state a claim establishing Craig's liability.  See Rodriguez, 2008 WL 65405, at *4 (citing Pou v. Brown & Shapiro, No. 3:96-CV-3364, 1997 WL 102470, at *2 (N.D. Tex. 1997) ("It is not disputed that a trustee under a deed of trust has a duty to act with absolute impartiality and fairness to the grantor in performing the powers vested in him by the deed of trust. . . . This duty is breached when the trustee fails to comply strictly with the terms of the deed of trust.").

Moreover, even if Craig's presence at the courthouse were relevant to the knowledge inquiry, the proposed amendments do not set forth any allegations that would suggest that, in seeing the 2009 Judgment while at the Courthouse, Craig would have known that the Note was void at the time he filed the notice and executed the deed.  Although Funke alleges facts in support of that conclusion in its Response to Craig's Motion for Judgment on the Pleadings, Funke does not set forth that evidence in the amendments to the complaint.  (See Dkt. # 26 at 5–6.) Since the Court is limited to the facts set out in the pleadings when evaluating the sufficiency of a complaint, those facts cannot weigh in the Court's consideration. See Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp., 748 F.3d 631, 635 (5th Cir. 2014).

Finally, the crux of Funke's argument is that Craig had constructive knowledge that he presented the notice and foreclosure deed knowing that they were fraudulent: he made the filings at the courthouse, where the 2009 Judgment was recorded, and a person in his position should have known the effect of that judgment on his subsequent actions.  See Black's Law Dictionary 1004 (10th ed. 2014) ("Knowledge that one using reasonable care or diligence should have, and therefore that is attributed by law to a given person.").  In support of this proposition, Funke cites to Cadle Co. v. Butler, 951 S.W.2d 901, 909 (Tex. App—Corpus Christi 1997), which states that "if a bona fide third person acquires his interest in the property when no renewal or extension agreements are recorded and the lien debt appears to be four years past due, such agreements are void as against that person."  However, this line of case law does not definitively resolve the question as to whether the 2009 Judgment was void: that is precisely the question that the parties are litigating in this case.

Moreover, this Court has already concluded that § 12.002's knowledge requirement does not encompass constructive knowledge:

> [H]olding substitute trustees broadly liable for having "constructive knowledge" would largely eviscerate the legislature's purpose in providing a good faith exception for a substitute trustee's liability under Texas Property Code § 51.007(f).  Moreover, Texas law has consistently held that substitute trustees have no affirmative duty to investigate into the validity of the proceedings "beyond that required by the statute or the deed of trust to ensure a fair sale."  Therefore, the

Court finds that § 12.002(a)'s knowledge requirement does not encompass constructive knowledge.

(Dkt. # 24 at 13.)  Accordingly, Funke has failed to plead sufficient facts in support of his § 12.002 claim.

2. <u>Liability in Individual Capacity</u>

Funke clarifies in his Response to Deutsche Bank's 12(c) Motion that his proposed amendments allege claims against Craig in his individual capacity. (<u>See</u> Dkt. # 26 ("Funke's first amended original petition (and original petition) pleads facts that permit this Court to reasonably infer that Craig is liable in his individual capacity for violating Texas Civil Practice & Remedies Code § 12.002.").)  Nevertheless, because Funke fails to plead facts sufficient to show Craig's knowledge, Funke also fails to support the theory that Craig acted as an individual, separate from his role as substitute trustee.

This Court has also previously determined that Funke's original petition did not plead sufficient facts to show that Craig acted outside of the scope of his role as substitute trustee and therefore could not support his claims of Craig's liability in his individual capacity.  (Dkt. # 24 at 16.)  In his original petition, Funke alleged only that "[t]he evidence will show that Craig intentionally committed acts that he knew were sufficiently certain to cause mental and financial injury to Funke" in order to show that Craig was liable in his individual capacity.

This Court concluded that the "bare allegations that Craig acted

13

intentionally" were insufficient to show that Craig knowingly exceeded his official authority, therefore precluding liability against Craig in his individual capacity. (Dkt. # 24 at 16.)  In so holding, the Court relied on <u>Mangum v. Am.'s Servicing Co.</u>, No. G-11-cv-237, 2011 WL 7429434, at *4–5 (S.D. Tex. Oct. 12, 2011), to find that the plaintiff must set forth facts showing that a trustee has knowledge that a deed of trust is void in order to show that the trustee exceeded the scope of his official authority and, thus, should be held liable in his individual capacity.  (Dkt. # 24 at 15.)

   As the Court has discussed above, Funke has failed to plead sufficient facts to show that Craig had knowledge that the deed of trust was void.  The Court cannot consider arguments outside of the pleadings in evaluating the sufficiency of a claim, and Funke fails to plead sufficient facts to establish that Craig would have known that the 2009 Judgment rendered the deed of trust void.  Therefore, Funke fails to establish that Craig exceeded the scope of his official authority and should be held liable in his individual capacity.  Accordingly, Funke's proposed amendments are futile, since they would fail to withstand a 12(b)(6) analysis. Because Funke's amendments are futile, the Court declines to address Deutsche Bank's argument that Funke's proposed amendments would have caused the Defendants unfair prejudice.

   For the foregoing reasons, the Court **DENIES** Funke's Motion for

14

Leave to Amend Original Petition (Dkt. # 25).

## II.    Motion for Judgment on the Pleadings

In his Motion for Judgment on the Pleadings, Craig argues that he is entitled to a judgment on the pleadings dismissing the claims against him because (1) Funke's petition fails to support an independent claim against him; and (2) even if Funke was able to state a claim under § 12.002 for Craig's liability as substitute trustee, Craig is protected by the good faith exception set forth in Texas Property Code § 51.007.  (Dkt. # 22 at 3–4.)

In response, Funke offers the facts pled in the proposed amendments to his petition[1] to show that (1) Craig knew that the notice of foreclosure sale and the foreclosure deed were void at the time he made them, therefore establishing the first element of the § 12.002 claim, and (2) Craig is unprotected by the Property Code's good faith exception because his substitute trustee appointment was based on a void deed of trust, and therefore he either acted in his individual capacity or not as a valid substitute trustee.  (Dkt. # 26 at 3–8.)

Because the Court finds that Funke's proposed amendments are futile,

---

[1] Although Funke's Response parenthetically notes that his original petition also pleads the requisite facts to establish his § 12.002 claim, all of the facts cited in the course of Funke's argument come from the proposed amendments to his petition. (See Dkt. # 26 at 3 ("Funke's first amended original petition (and original petition) pleads facts that permit this Court to reasonably infer that Craig is liable in his individual capacity for violating Texas Civil Practice & Remedies Code § 12.002.").)

the Court is therefore limited to Funke's original petition in evaluating the

sufficiency of the claim made against Craig.  As the Court has already concluded,

the original petition fails to demonstrate the first element of a § 12.002 claim

against Craig.[2]  (See Dkt. # 24 at 14–17 (finding that Funke's original petition

failed to allege sufficient facts that Craig had the requisite knowledge that the

notice of foreclosure was fraudulent as required by § 12.002(a)).)  Without a

properly pleaded claim against him, Craig is entitled to a judgment on the

---

[2] Although the parties have not briefed the issue, the Court notes that, even if the proposed amendments had not been futile and could have been used to make out § 12.002's first element, neither the original petition nor the proposed amendments plead sufficient facts to demonstrate § 12.002's last element: that Craig intended to cause the plaintiff physical injury, financial injury, or mental anguish.  To prove that element, Texas courts require a showing that the person filing the fraudulent document was aware of the harmful effects of his actions.  See Vanderbilt Mortg. & Fin., Inc. v. Flores, 735 F. Supp. 2d 679, 689 (S.D. Tex. 2010) (citing Taylor Elec. Servs., Inc. v. Armstrong Elec. Supply Co., 167 S.W.3d 522, 531–32 (Tex. App—Ft. Worth 2005); see also Kingman Holdings, LLC v. BAC Home Loans Servicing, LP, No. 4:10-CV-698, 2011 WL 1882269, at *5 (E.D. Tex. Apr. 21, 2011) (relying on Taylor to support the same proposition).  In Taylor, the court found that the filer was aware because he wrote a letter to the plaintiff stating that he did not want his actions to hurt the plaintiff, which the court took to mean that the filer was aware of the potential harm that his actions could cause.  Taylor Elec. Services, Inc., 167 S.W.3d at 531–32.

        In the instant case, there are no such allegations to support the third element.  The only allegations presented by Funke are conclusory allegations that cannot withstand a 12(b)(6) analysis: "Craig acted with intent to cause Funke both financial injury and emotional distress by employing the fraudulent documents in the course of foreclosing on Funke's property, selling Funke's property, and attempting to evict Funke from his property."  This is another "formulaic recitation of the elements" of the claim, which is insufficient to withstand a judgment on the pleadings.  See Ashcroft, 566 U.S. at 681.  Therefore, even if Craig's proposed amendments to his petition were not futile, his petition would nevertheless fail on the 12(c) motion.

pleadings.  See <u>0.073 Acres of Land, More or Less, Situate in Parishes of Orleans</u> <u>and Jefferson, La.</u>, 705 F.3d at 543. Therefore, the Court **GRANTS** Craig's Motion for Judgment on the Pleadings (Dkt. # 22), thereby **DISMISSING** the claims against Craig.

CONCLUSION

For the aforementioned reasons, the Court **DENIES** Funke's Motion for Leave to Amend Original Petition (Dkt. # 25) and **GRANTS** Craig's Motion for Judgment on the Pleadings (Dkt. # 22).  Accordingly, Funke's claims against Craig are **DISMISSED**.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, October 17, 2014.

_____

David Alan Ezra
Senior United States District Judge